IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CALVIN D. LEE,

                            Plaintiff,                              OPINION AND ORDER

    v.
                                                                              23-cv-773-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS,

                            Defendant.

Plaintiff Calvin D. Lee, who is representing himself, is currently incarcerated at the Felmers O. Chaney Correctional Center ("FCCC") in Milwaukee. Lee was granted leave to proceed with claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") against the Wisconsin Department of Corrections ("DOC"). (Dkt. #5, #16.) DOC has filed a motion for summary judgment on the ground that Lee failed to exhaust administrative remedies on his claims. (Dkt. #24.) For reasons explained below, defendant's motion for summary judgment will be granted and this case will be dismissed.

BACKGROUND

Lee alleges that, while confined at the Stanley Correctional Institution ("SCI") in 2023, he was prevented from participating in a rehabilitative trade program because he was restricted from using "dangerous tools," operating machinery, or driving. (Dkt. #14, at 3.) These restrictions were imposed due to a combat-related traumatic brain injury that Lee sustained while serving in the army, which caused him to suffer "transient alteration of

awareness" or to "blackout" frequently.[1]  (*Id.* at 2-3.)  Lee alleges that DOC failed to provide a reasonable accommodation for his disability, which prevented his participation in most rehabilitative programs for learning a trade, including a job placement program at Oakhill Correctional Institution, where plaintiff was confined in 2024.  (*Id.* at 14-15.)

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This requires:  (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint."  *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted).  Thus, exhaustion is required "even if . . . the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir.

---

[1] Lee previously alleged that another defendant, Dr. David Gavito, denied him adequate medical care for this condition, but Lee later withdrew those claims.  (Dkt. #14, #16, #19.)

2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."). However, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies for a civil rights claim, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code DOC Chapter 310, which first requires inmates to attempt to resolve the issue by following a "designated process specific to the subject of the complaint." Wis. Admin. Code § DOC 310.07(1). The inmate may then file a complaint with the Institution Complaint Examiner ("ICE") within 14 days after the incident giving rise to the grievance. Wis. Admin. Code § DOC 310.07(2). The ICE may ask inmates to provide evidence of having followed the designated process specific to the subject of the complaint. Wis. Admin. Code § DOC 310.07(1). In addition, each complaint "shall" be signed by the inmate and include "relevant supporting documentation." Wis. Admin. Code § DOC 310.07(3). Likewise, a complaint must contain a "clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(5), (6).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. This means that if a prisoner failed to complete any step in the exhaustion

3

process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendant is entitled to summary judgment because, although plaintiff filed two inmate complaints that are potentially relevant to this lawsuit, neither complaint was accepted by the ICE due to deficiencies. Plaintiff filed an inmate complaint on September 15, 2023, alleging that he attempted to get treatment for his TBI in the Psychological Services Unit ("PSU") but that the prison facility lacked resources to adequately treat him. (Davidson Decl. Ex. 1001 (dkt. #26-2) at 1.) This complaint was returned to plaintiff the same day with a letter explaining that it was not accepted because: (1) he did not first attempt to resolve the issue by contacting "PSU Supervisor Mr. Snider," as required by the designated process specific to the subject of the complaint; and (2) he did not include relevant supporting documentation. (*Id*. at 3.) Plaintiff was given the opportunity to correct the deficiencies and re-submit his complaint. (*Id*.)

On September 18, 2023, plaintiff filed a second inmate complaint in which he again complained that the prison facility lacked adequate resources to treat his TBI. (Davidson Decl. Ex. 1002 (dkt. #26-3) at 1.) This complaint was also returned to plaintiff the same day with a letter explaining that it was not accepted because: (1) he did not follow the designated process specific to the complaint by attempting to resolve the issue with PSU Supervisor Mr. Snider; (2) the complaint was not signed; and (3) the complaint failed to

4

contain sufficient information for DOC to investigate and decide the complaint. (*Id.* at 3.) Plaintiff was again given the opportunity to correct the deficiencies and re-submit his complaint. (*Id.*) However, plaintiff did not do so, nor did he submit any other inmate complaints related to the allegations in this case. (Davidson Decl. (dkt. #26) ¶ 18.)

As this record shows, neither of the inmate complaints filed by plaintiff mentioned being denied adequate accommodations for a disability or being excluded from a rehabilitative trade program. Moreover, neither of the inmate complaints that he filed were accepted or processed through the ICRS. Thus, plaintiff failed to present or pursue the substance of his claims through all steps of the administrative remedy process, as required for exhaustion. *Pozo*, 286 F.3d at 1024; *see also Woodford*, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").

Plaintiff contends that defendant's failure to provide him with adequate treatment for his TBI and transient alteration of awareness rendered the administrative remedies process "a proverbial 'dead end.'" (Dkt. #28.) However, plaintiff does not provide any facts showing that his condition prevented him from accessing the administrative remedy process. His general statements are insufficient to demonstrate that he was unable to file an inmate complaint or that the administrative remedy process was unavailable to him. *See Bordelon v. Bd. of Educ. of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016) ("Rule 56 demands something more specific than the bald assertions of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." (quotation marks omitted)). Moreover,

as explained above, plaintiff is not excused from exhausting his administrative remedies based on his belief that the process is futile.  *See Perez*, 182 F.3d at 536 ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

Next, plaintiff contends that the administrative process was "opaque" because it failed to provide "guidance to an inmate who had made the number of medical requests the Plaintiff has."  (Dkt. #28, at 7.)  This argument is a non-starter, as the ICE gave plaintiff specific instructions for curing the deficiencies in each of the inmate complaints that he submitted and gave him an opportunity to refile his complaints.  Under these circumstances, plaintiff does not show that the process was "so opaque . . . no ordinary prisoner [could] discern or navigate it."  *Wallace v. Baldwin*, 55 F.4th 535, 542 (7th Cir. 2022).

Finally, plaintiff argues that he satisfied the exhaustion process by filing a different grievance through the classification review process.  (Dkt. #28, at 8-10.)  This process applies to decisions about "inmate classification, sentence, and release."  Wis. Admin. Code DOC § 302.2.  Plaintiff provides a document issued in connection with a classification review hearing in June 2024, showing that plaintiff requested a transfer to a minimum custody facility "for school" at a "site closer to his area of release."  (Ex. C.I (dkt. #29-8) at 1, 3.)  Specifically, plaintiff requested a transfer to a correctional center in Milwaukee.[2]  (*Id*. at 1.)    Plaintiff's specific request was denied, but the committee approved his placement at three other minimum custody facilities that could take into consideration his

---

[2] Plaintiff, who is serving a prison sentence imposed in Milwaukee County Circuit Court, asked to be placed at the Marshall E. Sherrer Correctional Center or the Felmers O. Chaney Correctional Center, where he is presently assigned.  (Ex. C.I (dkt. #29-8) at 1.)

"PSU needs," including Oakhill Correctional Institution. (*Id*. at 4.) An inmate may appeal a placement decision through the classification review process if he believes the decision was "based on erroneous information." Wis. Admin. Code DOC § 302.19(1). Plaintiff filed an appeal by submitting an "Administrative Review of Classification Decision" form to the DOC Bureau of Offender Classification and Movement on July 10, 2024, arguing that his placement at one of the requested facilities in Milwaukee was wrongly denied because he had "zero program needs" and was not taking any psychiatric medication. (Ex. C.II (dkt. #29-9) at 1.) The administrator who reviewed the appeal affirmed the placement decision, finding that it was not based on any erroneous information. (*Id*. at 3.)

Plaintiff cites no authority showing that he was not required to raise his allegations under the ADA and RA through the ICRS. In fact, the opposite appears to be true. *See* Wis. Admin. Code DOC § 310.06(2)(a) (authorizing inmates to raise "civil rights complaints" regarding classification issues through the ICRS once the "classification administrative review process" was completed); *see also Obriecht v. Frank*, No. 05-C-1171, 2006 WL 8452437, at *8-9 (E.D. Wis. Dec. 26, 2006) (finding that, by failing to present his claims through the ICRS, a Wisconsin prisoner failed to exhaust civil rights claims concerning his treatment needs through the review process for classification decisions found in Wis. Admin Code § 302); *Wilson v. Murphy*, No. 14-cv-222-bbc, 2016 WL 1248993, at *6 (W.D. Wis. March 29, 2016) (rejecting a Wisconsin prisoner's claim that he was not required to exhaust ADA and RA claims related to rehabilitative programming through the ICRS) (citing Wis. Admin. Code DOC § 310.08(1) ("An inmate may use the ICRS to raise significant issues regarding rules, living conditions, staff actions affecting

institution environment, and civil rights complaints in accordance with this chapter.")
(emphasis omitted)).

More importantly, plaintiff's challenge to his custodial classification did not raise any of the facts underlying his ADA and RA claims.  As outlined above, plaintiff's primary claim is that he was excluded from a rehabilitative trade program at SCI in 2023 because of his disability and the restrictions prohibiting him from using dangerous tools, machinery, or driving.  (Dkt. #1, at 10.)  In an amended complaint filed in August 2024, plaintiff added a claim that he was similarly excluded from a job placement program at Oak Hill Correctional Institution because of his disability.  (Dkt. #14, at 13-15.)  There is no evidence showing that plaintiff raised the substance of these allegations during the required administrative remedy process -- either through the ICRS or the classification review process -- before seeking relief in federal court.  *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable.") (emphasis in original).  Because plaintiff has failed to raise a genuine issue of material fact on whether he exhausted administrative remedies as required, the court will grant defendant's motion for summary judgment and dismiss this case.

Even so, the court will dismiss plaintiff's claims without prejudice.  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).  This means plaintiff can refile this claim if he can successfully exhaust it, but he will likely find it impossible to file a proper grievance because the relevant events

happened too long ago and he is no longer in custody at SCI or Oakhill Correctional Institution.

ORDER

IT IS ORDERED that:

1) Defendant Wisconsin Department of Correction's motion for summary judgment for failure to exhaust administrative remedies (dkt. #24) is GRANTED.

2) The clerk's office shall enter judgment in favor of the defendant and close this case.

Entered this 13th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge